UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN G. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. ED CV 07-31 PJW<br><br>MEMORANDUM OPINION AND ORDER |

　　　Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income benefits.  For the reasons discussed below, the Agency's decision is reversed and the case is remanded for further proceedings.

　　　In his first claim of error, Plaintiff contends that the Administrative Law Judge ("ALJ") erred by not considering the testimony of Plaintiff's mother, Clara Johnson.  (Joint Stipulation at 3-5.)  Plaintiff, who appeared without an attorney or representative, testified that approximately once a month his lower back caused such intense pain that he would be "down" for between three to five days.  (AR 192-93.)  Plaintiff's mother then testified, "[i]t seems like once

a month . . . you are down for about three or five days. Sometimes it's so bad I have to give him a urinal. He can't even get to the bathroom." (AR 212.) Mrs. Johnson also testified that Plaintiff's back condition prevented him from cleaning or making the bed. (AR 212.)

In his decision, the ALJ found that Plaintiff's degenerative disc disease of the lower spine was a severe impairment, but that Plaintiff retained the residual functional capacity to perform a wide range of light work, and could stand, walk, and sit for six hours in an eight-hour workday. (AR 15-16.) The ALJ found that Plaintiff's allegations of disabling pain were not entirely credible. He based this finding on Plaintiff's testimony regarding his daily activities and the medical records--showing that Plaintiff's treatment for his back was "routine, infrequent and minimally remediable with the use of conservative medical management including prescribed medication, which suggests efficacy and toleration." (AR 17.) The ALJ did not address Mrs. Johnson's testimony at all.

An ALJ must consider lay witness testimony concerning a claimant's ability to work, *Stout v. Comm'r, Soc. Security*, 454 F.3d 1050, 1053 (9th Cir. 2006), and may discount the testimony only if he gives "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Testimony from someone in a position to observe a claimant's symptoms and daily activities is "competent evidence" that must be considered. *See Smith v. Bowen*, 849 F.2d 1222, 1226 (9th Cir. 1988).

The Agency contends that the ALJ did not err in failing to discuss the mother's testimony. It argues that her testimony "merely echoed Plaintiff's testimony verbatim and was, therefore, non-

probative." (Joint Stipulation at 5, citing *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984).) Furthermore, in the Agency's view, any error committed by the ALJ in ignoring this testimony was harmless. (Joint Stipulation at 6-7.) The Court disagrees.

First, the ALJ did not reject the testimony because it was cumulative of Plaintiff's testimony; indeed, the ALJ did not even mention Mrs. Johnson's testimony. That is important because the Court is constrained to affirm the ALJ only for the reasons he sets forth in his decision. *See Stout*, 454 F.3d at 1054 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). Moreover, the Ninth Circuit has disapproved of the rejection of lay witness testimony on the ground that it "merely repeat[ed]" the claimant's complaints, at least where the testimony is provided by an individual who sees the claimant on a frequent basis and, thus, is in a position to observe a claimant's symptoms and daily activities. *Dodrill*, 12 F.3d at 918-19. Here, Plaintiff testified that he was living with his mother in a studio apartment. (AR 200.) Thus, Mrs. Johnson was in a position to observe Plaintiff and to testify as to what she witnessed. For these reasons, her testimony should have been addressed.

The Court also finds that the ALJ's error was not harmless. The general rule is that an error is harmless when it is "inconsequential to the ultimate nondisability determination." *Stout*, 454 F.3d at 1055. Normally, where an ALJ "silent[ly] disregard[s] . . . lay testimony about how an impairment limits a claimant's ability to work," such failure to comment constitutes reversible error. *Id*. at 1055-56. An exception to this general rule applies where the Court can "confidently conclude that no reasonable ALJ, when fully crediting

the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056; *see also Robbins v. Soc. Security Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (holding failure to consider lay witness testimony was not harmless error).

Here, the Court cannot so conclude. The ALJ found Plaintiff's testimony regarding the "intensity, persistence and limiting effects of" his symptoms was not entirely credible. (AR 16.) Yet, Mrs. Johnson's testimony corroborated Plaintiff's complaint that he was incapacitated by low back pain once a month for three to five days. (AR 212.) Crediting that testimony might have caused the ALJ to reach a different decision regarding Plaintiff's credibility and, ultimately, Plaintiff's disability. Because the ALJ did not explain why he rejected Mrs. Johnson's testimony, the case is remanded for further consideration of that issue.

In his second claim of error, Plaintiff contends that the ALJ posed an incomplete hypothetical question to the vocational expert because he did not include the limitation that Plaintiff would be incapacitated for three to five days each month. (Joint Stipulation at 8-11.) As set forth below, because this claim turns, in part, on the mother's testimony, it may require further consideration.

In order for an ALJ to rely on the testimony of a vocational expert in response to a hypothetical question, the ALJ must include all of a claimant's limitations in the hypothetical question. *Robbins*, 466 at 886. An ALJ does not, however, have to include limitations alleged by the claimant which are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see also Osenbrock v. Apfel*, 240 F.3d at

1164-65 ("The ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.")

Here, Plaintiff testified that he was incapacitated for three to five days each month.  The ALJ found that this testimony was not credible, and Plaintiff has not challenged this finding.  Plaintiff has, however, as noted above, challenged the ALJ's failure to address his mother's testimony that he was incapacitated for three to five days a month.  On remand, a new hypothetical question, including this limitation, will be necessary if the ALJ credits the mother's testimony.  If not, a further hypothetical question will not be necessary.

In his third claim of error, Plaintiff contends that the ALJ failed to explain in detail at step four how Plaintiff was capable of performing his past work as a security guard.  (Joint Stipulation at 13-16.)  Plaintiff contends that the ALJ "failed to discuss any of the physical or mental demands" of that past work, in violation of Social Security Ruling ("SSR") 82-62.  (Joint Stipulation at 13.)  For the following reasons, the Court disagrees.

The issue at step four of the sequential evaluation process is whether the claimant can perform his past relevant work.  This step involves two considerations.  First, what is the claimant capable of doing, both physically and mentally?  And, second, what physical and mental abilities are required to perform the past relevant work (either as the claimant performed it or as it is generally performed in the workplace)?  *See, generally, Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(e) and 416.920(e).

1   The ALJ determines what a claimant can do physically and mentally
2   (the claimant's "residual functional capacity") based on the medical
3   and other evidence in the record. *Pinto,* 249 F.3d at 844-45. The ALJ
4   can rely on several sources to determine what is required to perform
5   the claimant's prior work, including the claimant's own explanation as
6   to how he performed the work, a vocational expert's testimony of how
7   the work was performed by the claimant or how it is generally
8   performed in the economy, and the Dictionary of Occupational Titles,
9   which contains a description of the physical and mental demands of
10  jobs. *Id.* at 845-46.

11  In this case, the ALJ first determined that Plaintiff was capable
12  of light work and then relied on a vocational expert, who testified
13  that Plaintiff's former job as a security guard was light work, which
14  Plaintiff could perform, despite his limitations. Plaintiff contends
15  that this was not enough. In his view, the ALJ should have analyzed
16  each physical and mental skill necessary to perform the job of
17  security guard and then compared those skills with each mental and
18  physical ability of Plaintiff. For the following reasons, this
19  argument is rejected.

20  In the hypothetical question to the vocational expert, the ALJ
21  set out Plaintiff's limitations, which the vocational expert,
22  presumably, considered, along with the demands of the job of security
23  guard, in formulating his opinion that Plaintiff could perform that
24  job as it is generally performed in the economy. The vocational
25  expert was not required to testify about each and every physical and
26  mental skill needed to perform the job and match it with Plaintiff's
27  physical and mental capabilities. *Pinto*, 249 F.3d at 845 ("We have
28  never required explicit findings at step four regarding a claimant's

past relevant work both as generally performed and as actually performed.  The vocational expert merely has to find that a claimant can or cannot continue his or her past relevant work as defined by the regulations above.").  For this reason, this claim is rejected.

For the reasons set forth above, the decision is reversed and the case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED:    July   7  , 2008.

                              PATRICK J. WALSH
                              UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\JOHNSON, S 31\Memo_Opinion.wpd